**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-02639-PAB-CYC

COLORADO FIREARMS, AMMUNITION AND ACCESSORIES, LLC d/b/a CENTENNIAL GUN CLUB, a Colorado limited liability company, *et al.*,

Plaintiffs,

v.

PHILIP WEISER, in his official capacity as Attorney General of Colorado, *et al.*,

Defendants.

---

**DEFENDANTS' MOTION TO STAY**

---

Attorney General Weiser and Executive Director Humphreys hereby move to stay discovery pending a ruling on their Motion to Dismiss and, in support, state as follows:

**D.C.COLO.LCivR 7.1(a) Certification:** Undersigned certify that they conferred in good faith with Plaintiffs' counsel about Defendants' request to stay discovery by video on August 28, 2026, and email on September 2, 2026. Plaintiffs oppose the requested relief. The parties do, however, agree to postpone the September 15, 2026, Scheduling Conference and related deadlines until the Court rules on the Motion to Stay.

## INTRODUCTION

This case generally raises pre-enforcement Fourth Amendment claims against Attorney General Weiser and the Department of Revenue's (DOR) Executive Director Humphreys, who oversees the Firearms Dealer Division (FDD). *See generally*, Complaint, Dkt. 1. Plaintiffs assert claims under 42 U.S.C. § 1983 alleging that the records inspection provision of C.R.S. § 18-12-402(3) permits unconstitutional warrantless searches in violation of the Fourth Amendment.

Plaintiffs seek a declaration that the inspection and penalty provisions, C.R.S. §§ 18-12-402(2)-(3), -403 are unconstitutional on their face, as well as permanent injunctive relief enjoining Defendants from enforcing the records inspection requirement. *Id.*

On August 31, 2026, Defendants filed a Motion to Dismiss as to all claims not only for failure to state a claim but also based on Eleventh Amendment immunity and standing. *See* Dkt. 29. Specifically, Attorney General Weiser asserts that he is immune from suit because (1) he has no particular duty to inspect firearms dealers and (2) the Plaintiffs failed to allege facts showing that the Attorney General has any demonstrated willingness to enforce the challenged statutory provisions. *See id*. at 5-7. Further, Attorney General Weiser asserts that the Plaintiffs have failed to alleged injury-in-fact, causation, or redressability because they have failed to allege efforts by the Attorney General to enforce the inspection provision nor have they alleged substantial risk of inspection by the Attorney General, therefore failing to allege standing. *See id*. at 8-9. Executive Director Humphreys asserts that the plaintiffs have failed to allege an injury-in-fact resulting from any inspections conducted by the Department of Revenue Firearms Dealer Division and have therefore failed to allege standing. *See id.* at 9-13. Finally, both defendants assert that the organizational Plaintiffs in this case have failed to allege that any individual members have standing and, consequently, do not have standing. *See id.* 13-14.

Defendants now respectfully seek a stay of discovery pending the outcome of their Motion to Dismiss. Under this District's consistent precedent, a stay is favored where the parties raise arguments bearing on the Court's subject matter jurisdiction, especially immunity for governmental officials, and where a motion to dismiss could dispose of all claims against all defendants. Both of those factors are readily met here. As such, and to preserve judicial and party

resources, Defendants respectfully request that this Court stay discovery until after Defendants' Motion to Dismiss is ruled upon.

**LEGAL STANDARD**

While the Federal Rules of Civil Procedure do not expressly contemplate a stay of discovery, they permit the Court to "make any order . . . to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); Fed. R. Civ. P. 26(c)(1)–(c)(1)(D). Federal courts uniformly interpret this rule to authorize a stay of discovery. *See, e.g., Colorado ex rel. Suthers v. W. Sky Fin., LLC*, No. 11-cv-00887-REB-KMT, 2011 WL 2457861, *1–2 (D. Colo. June 20, 2011); *see also Williams v. Stewart Title Co.*, No. 18-cv-00397-PAB-NRN, 2018 WL 4926450, *2 (D. Colo. Oct. 10, 2018); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

When considering a stay, courts in this District weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident*, 2006 WL 894955, at *2 (citations omitted). The power to stay discovery lies within the sound discretion of a trial court, *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002), and a trial court's ruling on discovery motions "will not be disturbed absent abuse of discretion." *Motley v.*

*Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995) (quoting *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).

## ARGUMENT

### I. Defendants' Motion to Dismiss raises jurisdictional defenses including sovereign immunity that may dispose of the entire action.

Courts in this District often find it is appropriate to stay proceedings pending a dispositive motion to dismiss. *See, e.g.*, *Williams,* 2018 WL 4926450, *2 ("[A] stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'") (citation omitted)); *W. Sky Fin.*, 2011 WL 2457861, at *1 (citation omitted). In addition, "stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted." *Wyers Products Grp. v. Cequent Performance Products, Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013) (emphasis in original); *see also Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *1 (D. Colo. Oct. 19, 2021); *Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *1 (D. Colo. Jan. 16, 2015).

Here, Defendants assert multiple dispositive jurisdictional defenses, as follows:

<u>Eleventh Amendment immunity</u>: Defendant Weiser is entitled to Eleventh Amendment immunity unless a waiver or *Ex parte Young* applies. *See Ex parte Young*, 209 U.S. 123 (1908).[1] Here, Section 1983 does not waive immunity against state officials in their official capacity, and the *Ex parte Young* exception to sovereign immunity does not apply because the Attorney General is not enforcing an unconstitutional law against the Plaintiffs. Indeed, Plaintiffs do not make any such allegation against the Attorney General. Moreover, Plaintiffs' state law claim

[1] Executive Director Humphreys did not assert sovereign immunity in the Motion to Dismiss.

against all Defendants is squarely foreclosed by *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). In short, Plaintiffs' state-law claim and all claims against the Attorney General fall well outside the scope of *Ex parte Young*.

The existence of an immunity defense "weighs strongly in favor of a stay," *Ruiz Sosa v. United States*, No. 21-cv-02562-CMA-NYW, 2022 WL 375575 at *2 (D. Colo. Feb. 8, 2022), as "[i]mmunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery," *Est. of Deweese v. Hancock*, No. 24-cv-00960-DDD-NRN, 2024 WL 4333366, at *3 (D. Colo. Sept. 27, 2024); *see also Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL 5957126, at *6 (D. Colo. Sept. 13, 2023); *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827 (10th Cir. 2002) (noting that where an immunity defense is raised, "until the threshold immunity question is resolved, discovery should not be allowed" (text only)). Some courts treat the invocation of an immunity defense as sufficient to warrant a stay even without a *String Cheese* analysis. *See, e.g., Ruiz Sosa*, 2022 WL 375575 at *2.

A stay pending resolution of an immunity defense should extend to all defendants. *See Smith v. Colo. ex rel. Polis*, No. 20-cv-03107-RM-KLM, 2021 WL 168442, at *1-2 (D. Colo. Jan. 19, 2021) (staying case against all Defendants, even one that had not raised Eleventh Amendment immunity); *Woodson v. Armor Correctional Health Servs.*, 20-cv-00186-RM-KMT, 2020 WL 4041460, at *4 (D. Colo. July 17, 2020) (staying discovery against all defendants because "there is no question that allowing limited discovery to proceed as to . . . the section 1983 claims against the other defendants, would effectively rob Defendant Elder of his qualified immunity defense"); *see also Paulson v. Anderson*, No. 15-cv-00800-PAB-KMT, 2015 WL

5818244, at *1 (D. Colo. Oct. 6, 2015); *Drive Sunshine Inst. v. High Performance Trans. Ent.*, No. 14-cv-00844-REB-KMT, 2014 WL 5816900, at *3 (D. Colo. Nov. 14, 2014); *A.A. ex rel. Archuleta v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 5974170, at *2 (D. Colo. Oct. 9, 2012); *Swanson v. Town of Mountain View, Colo.*, No. 06-cv-02272-REB-MJW, 2008 WL 926523, at *1 (D. Colo. April 2, 2008).

Standing: A stay is also appropriate while standing is challenged. *See, e.g., Devillaz v. Atmosphere Gastropub, Inc.*, No. 22-cv-00126-WJM-MDB, 2022 WL 17225815, at *3-4 (D. Colo. Nov. 25, 2022) (granting stay based on defendants' pending motion to dismiss for lack of standing). Plaintiffs do not assert an injury-in-fact to a legally protected interest that is redressable by an order from this Court. As to Attorney General Weiser, Plaintiffs fail to allege a credible threat of inspection and, as to Executive Director Humphreys, Plaintiffs fail to allege that inspections conducted by the Firearms Dealer Division do not meet constitutional requirements. *See* Dkt. 29. A dismissal on both of these grounds would apply to two of the three claims raised in the complaint. Further, as discussed above, all Defendants assert that the Eleventh Amendment precludes the third and final state law claim. Thus, resolution of the jurisdictional issues raised in the Motion to Dismiss would terminate the controversy in this case.

Should the Court grant Defendants' motion on some or all of the above bases, it could result in complete dismissal of the action. Indeed, even a partial dismissal may limit the scope of discovery such that commencing discovery now would result in an unwarranted expenditure of time and resources. Based on the threshold justiciability concerns identified above, this Court should stay all discovery until it determines if it has jurisdiction over Plaintiffs' claims.

## II. The *String Cheese* factors favor a stay pending the Motion to Dismiss.

Defendants' jurisdictional defenses alone warrant a stay. But an analysis of the *String Cheese* factors leads to the same conclusion.

### A. Staying discovery does not prejudice Plaintiffs.

For the first factor to weigh against a stay, Plaintiffs must articulate a specific interest or prejudice that is "tied to the underlying claims." *Barrington v. United Airlines*, 565 F.Supp.3d 1213, 1217 (D. Colo. Oct. 1, 2021). Plaintiffs cannot do so. Plaintiffs' generic interest in expeditious litigation is common to all plaintiffs and cannot establish prejudice. *See EEOC v. Mile Hi Foods, Co.*, No. 24-cv-02703-DDD-KAS, 2025 WL 1248283, at *2 (D. Colo. Apr. 29, 2025) ("Plaintiffs generally have an interest in expeditious litigation."). Plaintiffs have not identified and cannot identify a specific prejudice from a stay pending resolution of Defendants' Motion to Dismiss. There is nothing inherently time sensitive about the discovery that Plaintiffs are likely to seek in this case. The DOR and FDD records that Plaintiffs may seek in discovery are being retained pursuant to a litigation hold for this matter. In addition, dealer records (to the extent they are discoverable) are required to be retained for the current and previous three tax years pursuant to Rule 3-110(A)(1) and (B)(1), 1 C.C.R. 214-1. Given that this requirement first took effect on January 31, 2025, these records also remain available.

Similarly, a stay would not impact any existing Court deadlines. Currently, no scheduling order has entered, no discovery has commenced, and no trial date is set. Therefore, a stay will not impair Plaintiffs' ability to pursue discovery if their claims survive the Motion to Dismiss. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (granting defendants' motion for a stay of discovery after finding there would be no

prejudice to plaintiff) (citing *In re First Const. S'holders Litig.*, 145 F.R.D. 291, 293 (D. Conn. 1991) (discussing that the plaintiff "will have ample time [if the motion to dismiss is denied] to take discovery on the merits of its claims")). Instead, a stay of discovery in this matter will save all parties, including Plaintiffs, the time and expense of engaging in potentially unnecessary discovery. In sum, the first *String Cheese* factor weighs in favor of a stay.

**B. Defendants are significantly burdened absent a stay.**

Courts have long granted special recognition to government defendants' interests in avoiding wasteful litigation, noting that it "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). That governmental burden weighs heaviest when defendants seek dismissal on jurisdictional grounds. *See Ruiz Sosa*, 2022 WL 375575 at *2 (motion to dismiss on sovereign immunity grounds "weighs strongly in favor of a stay"); *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-CV-02624-WYD-MEH, 2015 WL 3940615, at *2 (D. Colo. June 25, 2015) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."); *Bassett v. CDOC Emp.*, No. 13-cv-03391-MJW, 2014 WL 2974982, *2 (D. Colo. July 2, 2014) ("[T]he interest of plaintiff to proceed expeditiously is outweighed by the burden on defendants of having to participate in discovery while a motion to dismiss on jurisdictional grounds is pending."); *see also Benton v. Town of South Fork*, No. 12-cv-00336-CMA-KMT, 2012 WL 4097715, at *5–6 (D. Colo. Sept. 18, 2012). The potential burden is all the more acute when the defenses raised are purely legal in nature and, if meritorious, would render discovery totally unnecessary. *See, e.g.*, *Al-Turki v. Tomsic*, No. 15-CV-00524-REB-KLM,

2015 WL 8758745, at *2 (D. Colo. Dec. 15, 2015) (concluding the second *String Cheese* factor weighed in favor of stay where motions to dismiss were "based purely on legal questions" and, thus, "Defendants could be prejudiced if they have to engage in discovery should the Motions to Dismiss ultimately be granted.").

Permitting discovery prior to determination of the Motion to Dismiss would unduly burden Defendants by requiring them to expend limited administrative resources and taxpayer dollars. *See Yilma v. Athena Bitcoin*, No. 25-cv-00579-DDD-SBP, 2025 WL 1359214, at *2 (D. Colo. May 9, 2025) (holding that where a motion completely resolves a plaintiff's claims, "any discovery conducted will have been wasteful"); *see also Colo. Cas. Ins. Co. v. Brock USA LLC*, No. 11-cv-02527-DME-KMT, 2012 WL 1110092, at *2 (D. Colo. Apr. 3, 2012) (concluding a stay of discovery was appropriate to "abate expenses that would be incurred in connection with fact and expert discovery" pending a ruling on the dispositive motion).

Without conceding relevance, Defendants anticipate Plaintiffs may ask for records of inspections, which are voluminous. Producing documents would be burdensome and would divert limited staff from their official public duties to respond to discovery requests. Plaintiffs' proposed scheduling order (shared by email on September 2, 2026) confirms that the scope of discovery would not be without burden on Defendants. Plaintiffs seek at minimum, depositions of the Department of Revenue Executive Director and Firearm Dealers Division Director and 30(b)(6) depositions of the Office of the Attorney General and the Department of Revenue, each for the maximum seven hours. The burden of this discovery should be unnecessary where Defendants raise several threshold bases for dismissal.

Moreover, Plaintiffs should not be allowed to wield discovery to remedy their pleading deficiencies. Lenient pleading requirements do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

**C. Staying discovery serves the interests of judicial economy.**

The Court's convenience is served by a stay of discovery while it determines at this early stage whether any claims against Defendants survive the Motion to Dismiss. *Advanced Career Techs., Inc. v. Does*, No. 13-cv-00304-WJM-KLM, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." (citations omitted)); *see Lucero*, 2023 WL 5957126, at *9 (third factor favored stay where pending motion might dispose of action); *Makeen Inv. Grp., LLC v. Vallejos*, No. 17-cv-02579-RM-STV, 2018 WL 704383, at *3 (D. Colo. Feb. 5, 2018) ("Here, if successful, the Motion to Dismiss would at least dispose of any claims against the State Judges. Given that this case is in its very early stages, the Court finds that the interests of judicial economy weigh in favor of granting the stay."); *Bituminous Cas. Corp. v. Hartford Cas. Ins. Co*., No. 12-cv-00043-WYD-KLM, 2012 WL 5567343, at *3 (D. Colo. Nov. 15, 2012) ("[I]t is certainly more convenient for the Court to grant the stay of discovery until it is clear that the case will proceed."); *Myers v. Koopman*, No. 09-cv-02802-REB-MEH, 2010 WL 1780300, at *1 (D. Colo. May 3, 2010) (finding that a stay was appropriate, in part, because "allowing discovery to continue . . . would not serve the interests of judicial economy and efficiency"). Here, because the Motion to Dismiss may resolve the entire case, staying discovery will relieve this Court from overseeing scheduling issues and resolving discovery disputes, unless and until it becomes clear

that Plaintiffs' claims are entitled to adjudication. Accordingly, to promote judicial economy and further convenience toward this Court, the third *String Cheese* factor weighs in favor of a stay.

**D. Third-party interests are neutral.**

The fourth *String Cheese* factor—the interests of persons not parties to the litigation—is at worst neutral. It is not obvious to Defendants that any third-party interests are implicated by either proceeding with or staying discovery. To the extent that non-parties' interests are affected, those interests are likely the public's interests. As argued below, the public interest favors a stay. To the extent that Plaintiffs' complaint asserts the privacy interests of third-party firearm purchasers, *e.g.*, Compl. ¶¶ 50, 69, 88, 126-27, 144, 155-56, discovery of inspection records potentially risks amplifying those privacy concerns. *Cf. Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." (quotation omitted)).

**E. Staying discovery serves the public interest.**

"[T]o the extent the public is interested in reducing the workload of the Court, factor five also weighs in favor of a stay." *Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4928216, at *3 (D. Colo. Oct. 15, 2012); *see Rooftop Restoration & Exteriors, Inc. v. Nautilus Ins. Co.*, No. 20-cv-03158-KMT, 2020 WL 7027439, at *2 (D. Colo. Nov. 30, 2020) ("the general public's primary interest in this case is an efficient and just resolution," and "[a]voiding wasteful efforts by the court and the litigants serves that purpose"); *Hedin v. Amedisys Holding, L.L.C.*, No. 13-cv-02150-REB-KLM, 2013 WL 6075796, at *2 (D. Colo. Nov. 19, 2013) (same). As stewards of taxpayer money, Defendants seek to conserve limited government resources and expend them only when it is clear a case will move past the dispositive motion stage. A stay of

discovery will allow the Defendants to focus on the many ways in which they serve a broad array of public interests. Both the Attorney General and Executive Director Humphreys, who oversees all of the activities and functions of the Colorado Department of Revenue, have many duties unrelated to enforcement of section 18-12-402. The same is true of FDD, which enforces a number of other statutory provisions. *See* Part 4, Article 12 of Title 18, C.R.S. (detailing DOR/FDD's regulatory authority, and in particular C.R.S. § 18-12-401.5(7) and (8), identifying the many state and federal statutes and rules the enforcement of which is within FDD's regulatory authority). The public has a strong interest in allowing the Attorney General and Executive Director Humphreys to focus on serving those unrelated interests. Conversely, Defendants are unaware of any public interest that is negatively impacted by the requested stay. Thus, this factor weighs in favor of granting a stay, as any resources saved in this matter will be reallocated to resolve other state matters that further the public's interests.

**CONCLUSION**

Defendants respectfully request an Order staying discovery pending a ruling on their Motion to Dismiss.

Respectfully submitted this 8th day of September, 2026.

PHILIP J. WEISER
Attorney General

*/s/ John Alan Call*

Ruchi Kapoor
Assistant Attorney General
John Alan Call
Senior Assistant Attorney General
Marijuana, Liquor & Bankruptcy Unit | Revenue & Regulatory Law Section
Colorado Department of Law

1300 Broadway, Denver, CO 80203
Telephone: 720.508.6369 (Kapoor) 720.508.6327 (Call)
ruchi.kapoor@coag.gov
alan.call@coag.gov
*Attorneys for Executive Director Humphreys*

*/s/ Lily E. Nierenberg*
Lily E. Nierenberg
Senior Assistant Attorney General
Lane Towery
Assistant Attorney General
Public Officials Unit | State Services Section
Colorado Department of Law
1300 Broadway, Denver, CO 80203
Telephone: 720.508.6851 (Nierenberg);
720.508.6470 (Towery)
Email: lily.nierenberg@coag.gov;
lane.towery@coag.gov
*Attorneys for Attorney General Weiser*